IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Erick P. Tollen,**

      **Plaintiff,**

v.                                        Case No. 11-1182-JWL

**City of El Dorado, Kansas,**

      **Defendant.**

## MEMORANDUM & ORDER

Plaintiff filed this lawsuit against the City of El Dorado after the City terminated his employment. In his complaint, plaintiff alleges that the City violated the Americans with Disabilities Act by refusing to reasonably accommodate plaintiff's disability and that the City discharged plaintiff in violation of Kansas common law based on plaintiff's whistleblowing activities. This matter is presently before the court on two related motions–plaintiff's motion for leave to join additional parties and to amend the complaint (in which he seeks to add Kurt Bookout as an individual defendant and assert a § 1983 claim alleging that both defendants terminated his employment in retaliation for plaintiff's exercise of his First Amendment right to free speech) and the City's motion to dismiss plaintiff's common law whistleblower claim pursuant to the Kansas doctrine of alternative remedies. As will be explained, plaintiff's motion is granted to the extent that he may add the individual defendant as well as his proposed § 1983 claim but he may not retain his common law claim in his amended complaint. The City's motion to dismiss the common law claim is granted.

It is undisputed that plaintiff's state law retaliatory discharge claim and his proposed First

Amendment claim share the same factual basis–that defendants terminated his employment in retaliation for plaintiff's reporting to authorities that his supervisor had attempted to order electrical wire for a personal construction project but charge that wire to a City construction project. Because the claims share the same factual basis, the City contends that the common law must be dismissed under the Kansas doctrine of alternative remedies.[1] Indeed, in *Polson v. Davis*, the Tenth Circuit predicted that the Kansas Supreme Court would not allow a common law cause of action for retaliatory discharge when an adequate statutory remedy exists under Kansas law. 895 F.2d 705, 709–10 (10th Cir. 1990). Several years later, the Tenth Circuit held that the *Polson* rationale extended to plaintiffs seeking to assert a common law cause of action for retaliation when they have a federal statutory right. *See Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997).

Thereafter, the Kansas Supreme Court acknowledged the Tenth Circuit's *Polson* decision and concluded that the Circuit "was correct in surmising the Kansas rule to be that an adequate alternative remedy precludes a common-law retaliatory discharge action." *See Flenker v. Willamette Indus., Inc.*, 266 Kan. 198, 209 (1998). In essence, the alternative remedies doctrine requires that a state or federal statute be substituted for a state retaliation claim if the substituted statute provides an adequate alternative remedy. *Campbell v. Husky Hogs, L.L.C.*, 255 P.3d 1, 8 (Kan. 2011). The issue here, then, is whether the statutory remedy under § 1983 is adequate

---

[1]Other than to assert that plaintiff may not simultaneously pursue his common law claim and his proposed First Amendment claim, the City does not object to the proposed amended complaint.

and thereby precludes the common law remedy sought by plaintiff.  *See id.*; *see also Hysten v. Burlington N. Santa Fe Ry. Co.*, 108 P.3d 437, 444 (Kan. 2004) (alternative remedies doctrine requires substitution if statute provides adequate alternative remedy).

As the City suggests, this court, many years ago, determined that a § 1983 free speech claim provides an adequate remedy for conduct underlying a state law claim for retaliatory discharge.  In *Merkel v. Leavenworth County Emergency Medical Services*, 2000 WL 127266, at *12 (D. Kan. Jan. 4, 2000), this court granted summary judgment on a state law retaliatory discharge claim on the grounds that the plaintiff had an adequate alternative remedy under § 1983.  In doing so, the court highlighted that § 1983 does not limit a plaintiff's right of redress in any significant way, unlike those cases in which the discretion to file suit is left to a government agency or the factfinding process is conducted through arbitration.  *See id.* Plaintiff's efforts to distinguish or undermine *Merkel* are not persuasive.

Plaintiff contends first that *Merkel* is distinguishable because it was decided on summary judgment rather than a motion to dismiss, where the standard is much more lenient.  Although the issue in *Merkel* was raised in connection with the parties' summary judgment motions, the court decided that issue based purely on the question of law that was presented and not based on any facts that had surfaced through discovery.  In other words, the procedural posture of *Merkel* had no bearing on the court's resolution of the issue.  Plaintiff next contends that the plaintiff in *Merkel*, as noted by the court, did not even argue that his remedy under § 1983 was inadequate.  While true, the court, in the first instance, affirmatively decided that plaintiff's

3

remedy was adequate. The court did not grant summary judgment on the grounds that plaintiff somehow conceded the issue.

Finally, then, plaintiff suggests that the court simply "got it wrong" in *Merkel* and that § 1983 does not provide an adequate or alternative remedy because the elements of proof for plaintiff's § 1983 claim are different and decidedly more rigorous than the elements of proof for his common law claim. The court cannot uncover any Kansas cases (or federal cases applying Kansas law) indicating that a remedy is inadequate or an unsuitable alternative if that remedy requires plaintiff to prove a more difficult case. Indeed, in *Merkel*, this court held that § 1983 was an adequate alternative remedy despite the fact that the court had just granted summary judgment in favor of the defendants on plaintiff's § 1983 claim. *See Merkel*, 2000 WL 127266, at *12 n.13 (citing *Connor v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997) (affirming summary judgment for defendant on plaintiff's common law retaliatory discharge claim because adequate remedy existed under FLSA, even though district court granted summary judgment on plaintiff's FLSA claim)). In the absence of any authority indicating that a plaintiff's chance of success is relevant to the alternative remedy doctrine, the court declines to conclude that a plaintiff's chance of success is a pertinent factor in determining whether the federal remedy is an adequate alternative remedy. *See Iglesias v. Wolford*, 539 F. Supp. 2d 831, 838 (E.D.N.C. 2008) (under North Carolina alternative remedy doctrine, chance of success on substituted remedy is irrelevant so long as alternative cause of action addressing the harm exists).

For the foregoing reasons, the court concludes that § 1983 provides plaintiff an adequate

4

alternative remedy such that this claim will be substituted for plaintiff's common law retaliatory discharge claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for leave to join additional parties and to amend the complaint (doc. 21) is **granted in part and denied in part**; defendant's motion for partial dismissal (doc. 25) is **granted**.  Plaintiff shall file his amended complaint no later than Monday, January 23, 2012.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2012, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
